Appeal from Municipal Court, Borough of Manhattan, First District.

Three actions by the Lucas E. Moore Stave Company against the M. Mosson Company. From judgments for plaintiff, defendant appeals. Reversed, and new trials ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY, and GERARD, JJ.

Clark & McDivitt (Charles C. Clark, of counsel), for appellant.
Conway & Williams, for respondent.

GERARD, J. These three actions were tried together. They were brought to recover the value of three car loads of lumber sold by plaintiff to defendant. The court, trying the cases without a jury, rendered a verdict for plaintiff in each case. The pleadings were written. The complaint in each case contains the following allegation:

"That thereafter, and on or about the 28th day of June, 1907, plaintiff duly performed all the conditions of contract and duly delivered said lumber to defendant."

The lumber sold was to be of a certain grade or kind. Defendant claims that it was not of this grade or kind. The plaintiff introduced no evidence whatever to prove that the lumber which it claimed to deliver was of the kind and grade specified in the contract of sale. Plaintiff relied upon a so-called acceptance or waiver by defendant. Construing section 533 of the Code of Civil Procedure, the courts of this state have held that, where a complaint alleges performance of a contract, plaintiff cannot excuse nonperformance and recover because a strict compliance with the obligations of the contract has been either waived or prevented by the defendant. La Chicotte v. Richmond Railway & Electric Co., 15 App. Div. 380, 44 N. Y. Supp. 75. Plaintiff alleged in its complaint performance of the contract, and at the trial endeavored to prove a waiver by defendant of the performance of the letter of the contract.

Judgments in the three actions should be reversed, and new trials ordered, with costs to appellant to abide the event. All concur.

---

### HICKEY v. CORSON MFG. CO.

(Supreme Court, Special Term, Niagara County. February 13, 1908.)

LIBEL—WORDS ACTIONABLE—WORDS IMPUTING MISCONDUCT IN OFFICE.

A publication reciting that a certain assemblyman, a lawyer, who passed the salary grab bill by which the county judge's salary was materially increased, received his reward in rich references and other fat matters at the disposal of the judge, all of which were matters of record, and intending to charge the judge in his official capacity with so rewarding the assemblyman for procuring the passage of the bill, and that the public records of the county show such charges to be true, is libelous; the natural inference being that, in procuring the raise in salary, the assemblyman acted as the judge's agent, and that he was rewarded for such service by the judge in his official capacity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 91–96.]

Action by Charles Hickey against the Corson Manufacturing Company. Demurrer to the complaint overruled.

Demurrer to complaint. The action is for libel. The complaint states that the defendant as proprietor and publisher of a newspaper published of and concerning the plaintiff, the county judge of Niagara county the following words:

"Assemblyman Thompson, who passed the salary grab bill, has received his reward in rich references and other fat matters at the disposal of the county judge."

### "The Agent Rewarded."

"The bill raising Judge Hickey's salary $2,000.00 was introduced and passed by Assemblyman George F. Thompson. The judge's appreciation of the helpful act has been shown towards Attorney Thompson in a very material way. Since the increase of salary no lawyer in the county has fared as well as Attorney Thompson in the way of fat references and other matters at the disposal of the county judge. This is a matter of record and a bald statement of facts, and details as embodied in the public records can be furnished to anybody disputing them."

It is also alleged that the defendant by such publication meant to charge that plaintiff acting in his official capacity as county judge had rewarded said Thompson with preferences and lucrative appointments for procuring the passage of a bill unlawfully increasing plaintiff's official salary, and that the public records of said county showed such charges to be true.

David Tice, for plaintiff.
Hopkins & Borin, for defendant.

BROWN, J. If such publication is calculated to injure the character and is a reflection upon the integrity of the plaintiff or to degrade him in public estimation and subject him to a loss of public confidence and respect, it is libelous. The natural inference from the publication is that, in procuring a raise of $2,000 in plaintiff's salary, the member of assembly acted as the agent of the county judge, and that the agent has been paid for this service to the county judge by the county judge, as judge, by being appointed as referee in fat reference, and given lucrative appointments.

I cannot subscribe to this doctrine that a county judge can appoint a member of assembly as referee in fat references as a reward for procuring a raise of $2,000 in salary of the judge without degrading the character of the county judge in the public estimation, holding him up to the contempt and ridicule of the community, besmirching his integrity, and bringing upon him the indignation of an outraged people. If a judicial officer can do such a thing without being subjected to a loss of public confidence and respect, destruction of his usefulness as a judge, it is a sad commentary on the depths of judicial depravity to which a judge can descend, and still maintain the confidence of the community in his fair, honest, judicial ability to conscientiously discriminate between right and wrong. If a judge can do such a thing and honestly believe it to be right, no public that I know of will long continue to believe that he is competent to pass on questions of litigants insuring what is honest, right, just, or decent. To say that the assemblyman passed the bill raising the salary of the county judge as the agent of the judge, and that the assemblyman was rewarded for

such act by the principal by appointments as referee, etc., comes so perilously near charging an act within the refined and legal definition of bribery that the casual, ordinary reader would most naturally infer that the crime had been attempted, if not consummated; at any rate, the language used was obviously calculated to degrade the character of the plaintiff, impeach his integrity as a judge, and injure him in the public estimation.

Demurrer overruled. Defendant may answer on paying costs to be taxed.