HESS et al. v. BUILDERS' CONST. CO. (Supreme Court, Appellate Division, First Department. June 12, 1908.) Action by Edwin H. Hess and another against the Builders' Construction Company. No opinion. Motion granted, with $10 costs. Order filed.

HESS et al., Respondents, v. BUILDERS' CONST. CO., Appellant. (Supreme Court, Appellate Division, First Department. June 12, 1908.) Action by Edwin H. Hess and another against the Builders' Construction Company. H. A. Sperry, for appellant. H. V. Rothschild, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

HESS et al., Respondents, v. BURNS et al., Appellants. (Supreme Court, Appellate Division, First Department. June 12, 1908.) Action by Charles A. Hess and another against Emily E. Burns and another. H. F. Stone, for appellants. L. Marshall, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

HEYSE, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) Action by Francis F. Heyse against the city of New York. No opinion. Judgment of the Municipal Court affirmed, with costs.

HICKEY, Respondent, v. CORSON MFG. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 7, 1908.) Action by Charles Hickey against the Corson Manufacturing Company. No opinion. Interlocutory judgment (108 N. Y. Supp. 884) affirmed, with costs, with leave to defendant to plead over upon payment of the costs of the demurrer and of this appeal.

HIGGIN MFG. CO. v. FLEISHMAN et al. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) Action by the Higgin Manufacturing Company against Walter L. Fleishman and another.

PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. An examination of the complaint discloses that the appellant did not necessarily nor presumptively have knowledge of all of the facts alleged in the complaint.

HODGE v. INTERNATIONAL REGISTRY CO. (Supreme Court, Appellate Division, First Department. June 26, 1908.) Action by Alfred L. Hodge against the International Registry Company. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

HOFFMAN HOUSE, NEW YORK, v. FOOTE. (Supreme Court, Appellate Division, First Department. June 5, 1908.) Action by Hoffman House, New York, as trustee, against Elizur V. Foote, as executor of Edward S. Stokes, deceased. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed. Arthur C. Rounds, for appellant. David McClure, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

McLAUGHLIN, J. (dissenting). At the first trial, upon the opening of plaintiff's counsel, the complaint was dismissed, upon the ground that the facts stated did not constitute a cause of action. The question presented on the appeal from the judgment then entered had to be determined from the complaint and such opening, and it was held that the two, taken together, stated a cause of action, and the judgment was reversed, and a new trial ordered. Hoffman House, New York, v. Foote, 172 N. Y. 348, 65 N. E. 169. That decision is not decisive of the questions presented on the present appeal, inasmuch as the record is different from what it then was. The judgment here appealed from was entered upon the verdict of a jury after trial, and the record contains the evidence which was offered by the respective parties. The first appeal had to be determined from what the plaintiff asserted it could prove, while here it must be determined from what it did prove. Upon the uncontradicted facts I do not think the plaintiff was entitled to recover, and for that reason a verdict should have been directed for the defendant. The $35,000 bond in question was not executed by the Hoffman House, New York, or by James D. Leary or Daniel J. Leary, in reliance upon the pledge of the Mackay judgment. The bond was dated, executed, and acknowledged May 26, 1894, while the assignment of the Mackay judgment was not made until March 18, 1895, and the plaintiff failed to prove that either the Hoffman House, New York, or the Learys were the sureties on this bond for Stokes. The evidence is to the contrary. The plaintiff itself was the purchaser of the Hoffman House property at the foreclosure sale, and became liable in its individual capacity for the purchase price, and when, as principal, it executed the $35,000 bond in favor of the referee on the foreclosure sale, that bond was given to secure its own existing liability to pay to him the balance of the purchase price. Stokes did not bid in the property, and he was under no liability to pay to the referee the amount bid, or any sum whatever. When, therefore, the Learys became sureties on this bond, they became sureties for the principal debtor; that is, the Hoffman House, New York, the plaintiff in this action.

The plaintiff could not be a trustee for itself. Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, 21 Am. St. Rep. 743. Nor could it, without an express declaration of trust, be a trustee of a fund for the protection of its sureties. There can be no such thing as a trust of personal property, either express or implied, unless there be existing at the same time a trustee, a fund or other property, and a designated beneficiary. Brown v. Spohr, 180 N. Y. 201, 73 N. E. 14. Here a recovery is solely for the benefit of the plaintiff. Neither the creditors in whose favor the $35,000 bond was given, nor the sureties upon that bond, have or had any equitable interest in the fund. The case is one of indemnity, and nothing else, and the controlling fact is that the indemnity the plaintiff received origi-